JOURNAL ENTRY and OPINION
On February 8, 2001, the relator, Jeanne Chebib, commenced this mandamus action for jury demand. Ms. Chebib complains that when she submitted a jury demand with an accompanying poverty affidavit, the clerk of the Municipal Court refused to accept the filing until a judge of the court approved the poverty affidavit. For the following reasons, this court dismisses the writ action, sua sponte.
First, the petition is defective because it is improperly captioned. Ms. Chebib captioned the case Jeanne Chebib v. Motorist Mutual Ins. Co., et al. R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. State ex rel. Larry Calloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel. Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; and State ex rel. White v. Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009, unreported. In the present case this court is uncertain whether the respondent is Motorist Mutual Insurance Company, the Clerk of Court of the Cleveland Municipal Court, the Cleveland Municipal Court, and/or a specific judge of that court. The caption also fails to include the names and addresses of all the parties in violation of Civ.R. 10(A).
The petition for mandamus also does not include a demand for judgment for relief to which the party claims to be entitled as required by Civ.R. 8(A). This is particularly problematic in the present case because the court cannot discern whether the duty sought to be enforced is the clerk accepting the poverty affidavit, the clerk accepting the demand for a jury trial, a judge of the municipal court approving the poverty affidavit, some combination of these, or some other relief.
Additionally, the relator failed to support her complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court dismisses this application for a writ. Costs assessed against the relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TIMOTHY E. McMONAGLE, J. CONCURS, FRANK D. CELEBREZZE, JR., J. CONCURS